**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              4:06CR00061-01-WRW

**TERRY LEE WARD**

**ORDER**

**1.  Defendant's Motions *in Limine* (Doc. Nos. 137, 138) are DENIED.**  Defendant asks that the Court review the videos and pictures before trial in order to "determine if the content of those videos [and pictures] depict 'sexually explicit conduct' defined as 'lascivious exhibition of the genitals or pubic area.'"[1] Defendant asserts that the pictures and video do not meet the standards set out in *United States v. Dost*[2] and the Eighth Circuit's model jury instruction 6.18.2252A.

I recall the photos and video from the first trial, and do not need to review them again to determine that a jury could conclude that the picture and video depict "lascivious exhibition of the genitals or pubic area."  From my recollection, even the materials that Defendant contend are "mere nudity" could be considered by a jury to be "intended or designed to elicit a sexual response in the viewer."[3]  Ultimately, of course, "the question of whether the materials depict 'lascivious exhibitions of the genitals,' an element of the crime, is for the finder of fact."[4]  If the Prosecution intends to put pictures or videos into evidence that were not used in the previous

---

[1]Doc. No. 137.

[2]636 F. Supp. 828 (S.D. Cal. 1986).

[3]Court of Appeals for the Eighth Circuit Model Jury Instruction 6.18.2252A (2009).

[4]*United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001).

trial, and Defendant contends that the new evidence could not be considered lascivious under the Eighth Circuit's definition, I will review the new materials before trial.

**2. Defendants' Motion for Continuance (Doc. No. 140) is DENIED.** The trial is on the docket to commence, Monday, December 20, 2010, at 9:30 a.m.

IT IS SO ORDERED this 26th day of October, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE